IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs January 14, 2002


CAROL HANKINS, ET AL. v. CHEVCO, INC.,
d/b/a CURTIS PRODUCTS SO. CENTRAL, INC., ET AL.


Appeal from the Circuit Court for Bledsoe County
No. 1865    Thomas W. Graham, Judge

FILED MARCH 6, 2002

No. E2001-00608-COA-R3-CV


Carol Hankins ("Plaintiff") filed a Complaint against Chevco, Inc., d/b/a Curtis Products So. Central, Inc., and Concord Confections, Inc. ("Defendants") alleging injuries to her jaw and one of her teeth which occurred when she chewed a gumball. Defendants filed a motion for summary judgment, arguing they were entitled to partial summary judgment as a matter of law on the issue of causation of Plaintiff's temporomandibular joint disorder ("TMJ"). The Trial Court granted Defendants' motion. Plaintiff appeals. We vacate the partial summary judgment and remand.


Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;
Case Remanded.


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

C. Douglas Fields, Crossville, Tennessee, for the Appellants, Carol and Randall Hankins.

David L. Franklin, Chattanooga, Tennessee, for the Appellee, Chevco, Inc., d/b/a Curtis Products So. Central, Inc.

Paul Campbell, III, Chattanooga, Tennessee, for the Appellee, Concord Confections, Inc.

**OPINION**

**Background**

In September 1992, Plaintiff purchased a gumball from a candy machine located in the video store she and her husband, Randall Hankins, owned and operated. When Plaintiff chewed on the gumball, one of her teeth broke, and, thereafter, Plaintiff also experienced pain, weakness and popping in her jaw. Plaintiff sought treatment from her dentist, Dr. Larry D. Smith, who treated Plaintiff's broken tooth. Due to the popping Plaintiff was experiencing in her jaw, Dr. Smith referred Plaintiff to an oral surgeon, Dr. Steven P. Tipps. Dr. Tipps diagnosed Plaintiff with TMJ and performed corrective surgery.

Plaintiff and her husband sued the company who owned and stocked the gumball machine, Chevco, Inc., d/b/a Curtis Products So. Central, and the manufacturer of the gumballs, Concord Confections, Inc. Plaintiff claimed the gumball was too hard and caused her to suffer injuries to her tooth and jaw and incur medical expenses as a result. Plaintiff alleged a number of theories, including that the gumball was unreasonably dangerous, that Defendants were negligent, breached express and implied warranties, and breached their duty to warn Plaintiff. Plaintiff's husband, Randall Hankins, claimed loss of consortium. For ease of reading, we will in this Opinion often-times refer to "Plaintiff" rather than "Plaintiff and her husband" even though both Plaintiff and her husband filed suit and both have appealed.

Defendants filed a joint Motion for Summary Judgment Based on Plaintiffs' Failure to Prove Causation ("Motion for Summary Judgment") regarding Plaintiff's TMJ and jaw problems. In their motion, Defendants argued they were entitled to partial judgment as a matter of law because Plaintiff had no proof her TMJ problems were proximately caused by the gumball. Pursuant to Tenn. R. Civ. P. 56.03, Defendants, in support of their motion, filed a lengthy statement of undisputed material facts which contained, in pertinent part, the following facts:

(1) On September 19, 1992, Plaintiff purchased a gumball, and when she chewed on the gumball, part of her tooth broke;

(2) In his deposition, Plaintiff's dentist, Dr. Smith, testified Plaintiff sought his treatment on September 22, 1992, and at that time, complained of a broken tooth and popping in her jaw;

(3) Dr. Smith testified in his deposition it was his opinion that Plaintiff's TMJ pre-existed Plaintiff's September 22, 1992, visit to his office;

(4) Dr. Smith testified in his deposition that "although patients can suffer TMJ as a result of a traumatic event, it generally comes from an external force and not a single internal force such as chewing";

(5) In his deposition, Plaintiff's oral surgeon, Dr. Tipps, testified that Plaintiff reported to him that she hurt her jaw by biting on a gumball;

(6) Dr. Tipps testified that there was no way to determine when Plaintiff's TMJ began and that he did not have any idea whether Plaintiff's TMJ pre-existed her gumball accident; and

(7) Dr. Tipps testified there were a number of causes of TMJ and TMJ can occur gradually or developmentally;

Plaintiff filed a response brief to the Motion for Summary Judgment but did not file a Tenn. R. Civ. P. 56.03 reply statement to Defendants' statement of undisputed material facts. In her response brief, Plaintiff contended Defendants, in their motion, misstated the issue for the Trial Court's consideration as whether the gumball caused Plaintiff's TMJ. Instead, Plaintiff argued that the issue for the Trial Court's determination was whether the too-hard gumball caused Plaintiff's previously asymptomatic TMJ to become symptomatic. Plaintiff set forth additional undisputed material facts in her response brief, including Dr. Tipps' deposition testimony that Plaintiff reported to him that she hurt her jaw by biting on the too-hard gumball.

Defendants' filed a reply to Plaintiff's response brief in which they argued that Dr. Tipps, in his deposition, was never asked to render an opinion about the cause of Plaintiff's TMJ complaints.

In addition to their Motion for Summary Judgment, Defendants filed a motion *in limine* asking the Trial Court to exclude various types of evidence, including evidence regarding tests or experiments conducted by Plaintiff and other lay witnesses.

The Trial Court heard Defendants' two motions on the date the trial was scheduled in November 2000. At the hearing, the parties submitted all of the medical proof that had been secured in the matter which consisted of three depositions, one of Dr. Smith and two of Dr. Tipps. The Trial Court entered two separate orders on the same day resolving Defendants' motions. In its order on the Motion for Summary Judgment ("Summary Judgment Order"), the Trial Court stated the parties made the following stipulations:

(1) The three medical depositions of Dr. Smith and Dr. Tipps were admissible;

(2) No further expert testimony regarding the causation of Plaintiff's TMJ and/or jaw problems would be presented; and

(3) The causation of TMJ and/or jaw problems "are matters beyond the understanding of lay people and that proof of causation of said condition is a matter requiring expert testimony.

In the Summary Judgment Order, the Trial Court granted Defendants partial summary judgment as a matter of law, holding the testimony of Drs. Smith and Tipps was insufficient to establish that Plaintiff's biting into the gumball caused her TMJ and/or jaw problems. The Trial Court further held proof of causation of Plaintiff's TMJ and/or jaw problems requires expert testimony and that to allow a jury to consider this issue, with the proof submitted, would amount to asking the jury to speculate about causation. Therefore, the Trial Court granted Defendants partial summary judgment as a matter of law on the issue of causation of Plaintiff's TMJ and/or jaw problems and stated that the Summary Judgment Order was a "final judgment pursuant to Tenn. R. Civ. P. 54.02."

The Trial Court's order regarding Defendants' motion *in limine* ("Evidentiary Order") partially granted the motion, holding that evidence regarding experiments and tests conducted by Plaintiff and other lay witnesses was inadmissible. The Evidentiary Order did not contain Rule 54.02 language.

Plaintiff and her husband filed a Notice of Appeal stating they were appealing the final judgment entered on February 10, 2001, and filed on February 14, 2001. Plaintiff and her husband did not file a Motion for Interlocutory Appeal regarding the Evidentiary Order, and this Court did not grant any interlocutory appeal as to that Order.[1]

## Discussion

On appeal and although not exactly stated as such, Plaintiff raises the following issues: (1) whether the Trial Court erred in holding, in its Summary Judgment Order, that the medical proof regarding the issue of causation of Plaintiff's TMJ and/or jaw problems was

---

[1] The transcript of the motion hearing contained in the record on appeal shows that the following statements were made:

> [Concord's attorney]: I think if you want to move for an interlocutory appeal –
>
> [Trial Court]: Y'all can put it in a written order, if you want to, or do it from the court reporter's transcript. It might be just as well to prepare a written order.
>
> [Concord's attorney]: I would do it probably as a separate order, just to have a first order that rules on the Summary judgment and makes it final, and then a second order on the Motions in Limine. And, if you want me to put in there that you prayed for interlocutory appeal and certified the questions, I will.
>
> [Plaintiff's attorney]: I will formally do that and we'd like an interlocutory appeal in case the decisions in our – we can't resolve some of these other issues, Your Honor.
>
> [Concord's attorney]: I'll put it in there, then. . . .

insufficient and, therefore, erred in granting partial summary judgment to Defendants; and (2) whether the Trial Court erred in holding, in its Evidentiary Order, that evidence regarding Plaintiff's and lay witnesses' experiments and observations regarding the hardness of Defendants' gumballs was not admissible.

Defendants, of course, do not dispute the Trial Court's grant of partial summary judgment to them on the issue of causation of Plaintiff's TMJ and/or jaw problems. Defendants, however, contend that Plaintiff's appeal of the Evidentiary Order is not properly before this Court because it is not a final judgment from which an appeal lies. Defendants point to the lack of Tenn. R. Civ. P. 54.02 language in the Evidentiary Order and argue this Court has no jurisdiction to hear Plaintiff's appeal of the Evidentiary Order. Defendants also contend Plaintiff did not seek an appeal pursuant to Tenn. R. App. P. 9 or 10 as to the Evidentiary Order.

We first will examine Defendants' issue on appeal regarding Plaintiff's attempted appeal of the Evidentiary Order. Tenn. R. App. P. 3 provides that "every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. . . ." Where multiple parties or claims for relief are involved, a trial court may direct the entry of a final judgment for fewer than all claims or parties by following the requirements of Tenn. R. Civ. P. 54.02. Rule 54.02 provides, in pertinent part, as follows:

> When more than one claim for relief is present in an action, . . . or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

The language of the Summary Judgment Order provides that the order was final pursuant to Tenn. R. Civ. P. 54.02. In contrast, the Evidentiary Order properly does not contain this language and does not otherwise adjudicate the remaining claims or rights and liabilities of the parties. Therefore, we hold the Evidentiary Order is not a final judgment from which an appeal lies. *See* Tenn. R. App. P. 3; Tenn. R. Civ. P. 54.02. Moreover, the record on appeal shows that Plaintiff did not seek an interlocutory appeal of the Evidentiary Order pursuant to Tenn. R. App. P. 9 or 10, and this Court has not granted a Rule 9 or 10 appeal as to that Order. Accordingly, we hold that Plaintiff's appeal of the Evidentiary Order is not properly before this Court, and, therefore, will not be considered by this Court.

Next, we address Plaintiff's remaining issue on appeal regarding the Summary Judgment Order. We note that the procedure followed by the Trial Court and the parties in arriving at this partial summary judgment was somewhat unusual. The medical depositions presented to the Trial Court were to be, as stipulated to by the parties, the only expert testimony regarding causation presented at trial. Despite this stipulation, the Trial Court was not faced with a Tenn. R. Civ. P. 50.01 Motion for Directed Verdict as the evidence offered by Plaintiff was never presented to the jury. The Trial Court and the parties treated this solely as a summary judgment, and we will review it as such. Our Supreme Court outlined the standard of review of a motion for summary judgment in *Staples v. CBL & Assoc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

*Staples*, 15 S.W.3d at 88-89.

Plaintiff contends it was error for the Trial Court to grant Defendants partial summary judgment as a matter of law because the medical proof is sufficient to establish that the gumball was the cause-in-fact of Plaintiff's TMJ symptoms. Plaintiff also argues the Trial Court erred in granting Defendants' Motion for Summary Judgment because Defendants did not carry their burden of negating Plaintiff's claim. Plaintiff further contends the undisputed material facts show Plaintiff did not have a history of jaw problems prior to chewing the too-hard gumball.

Defendants, as the parties seeking summary judgment, were required to "either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense." *Staples v. CBL & Assoc.*, 15 S.W.3d at 88. If Defendants failed either to negate an essential element of Plaintiff's claim or establish an affirmative defense, Defendants' Motion for Summary Judgment should have failed. *Id.* If, on the other hand, Defendants did carry their burden, then the burden would have shifted to Plaintiff to establish the existence of a genuine issue of material fact for trial. *Id.*

Defendants' Motion for Summary Judgment was based upon their argument that there were no genuine issues of material fact regarding causation of Plaintiff's TMJ. "Medical causation and permanency of an injury must be established in most cases by expert medical testimony." *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). Defendants correctly contend that the medical proof establishes that Plaintiff's TMJ may well have, or even likely, pre-existed the date she bit down on the too-hard gumball. Dr. Smith testified it was his opinion that Plaintiff's TMJ was pre-existing due to the wear patterns on her teeth and her muscle tone. Dr. Smith explained that "[w]ear patterns on the back teeth indicate that you're able to grind your back teeth together . . . and . . . can cause structural changes in the joint." Dr. Tipps, however, testified he did not "have any idea whether [the TMJ] was pre-existing or not. . . ." Dr. Tipps, nevertheless, further testified that the MRI of Plaintiff's jaw which was taken approximately one month after Plaintiff's gumball accident showed changes that would have occurred over a longer period of time than one month and that it was possible Plaintiff had injured her jaw prior to the gumball incident in September 1992.

Although Plaintiff does not dispute this testimony, Plaintiff contends this testimony

does not negate her claim that the too-hard gumball caused her previously asymptomatic TMJ to become symptomatic. This Court, in *Madison v. Love*, addressed this issue, holding that "[m]aterial supporting a motion for summary judgment must do more than 'nip at the heels' of an essential element of a cause of action; it must *negate* that element." *Madison v. Love*, No. E2000-01692-COA-RM-CV, 2000 Tenn. App. LEXIS 495, at * 4 (Tenn. Ct. App. July 28, 2000), *no appl. perm. app. filed*. In vacating the trial court's grant of summary judgment to the defendants, this Court held that the medical expert's affidavit upon which the defendants relied in support of their motion did not negate the plaintiff's claim of causation. *Id.* The medical expert's affidavit only stated that the cause of death for the plaintiff's decedent was unknown. *Id.,* at * 3. This Court held that to negate the plaintiff's claim of causation, the defendants would have had to present "admissible competent testimony that the defendants' failure to render aid did not cause or contribute to the death of the plaintiff's decedent." *Id.*, at * 5.

The record on appeal contains scant medical proof regarding the causation of Plaintiff's TMJ *symptoms* as opposed to the TMJ condition itself. The only time this particular issue was addressed was when Dr. Smith testified that Plaintiff did not complain of symptoms of pain, popping or weakness in her jaw prior to September 1992. As discussed, the record does contain testimony from Dr. Smith and Dr. Tipps regarding causation of Plaintiff's TMJ condition itself. While this testimony may well have negated the essential element of causation as to the cause of Plaintiff's TMJ condition, this testimony, at most, only nips at the heels of causation of Plaintiff's TMJ symptoms and does not negate Plaintiff's claim of causation. *Id.*, at * 4. According to *Madison v. Love*, Defendants, to successfully negate Plaintiff's claim of causation as to her TMJ symptoms, would have had to submit admissible expert testimony that Plaintiff's TMJ symptoms were not causally-related to the gumball. *Id.*, at * 5.

Due to Defendants' failure to negate an essential element of Plaintiff's claim, specifically causation as to her TMJ symptoms and not just as to her TMJ, Plaintiff's burden to produce evidence establishing the existence of a genuine issue for trial was not triggered, and consequently, Defendants' Motion for Summary Judgment should have failed. *See Staples v. CBL & Assoc.*, 15 S.W.3d at 88. Accordingly, we hold it was error to grant Defendants' Motion for Summary Judgment and vacate the Trial Court's grant of partial summary judgment to Defendants.

## Conclusion

The partial summary judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed equally against the Appellants, Carol and Randall Hankins, and their surety, and the Appellees, Chevco, Inc., d/b/a Curtis Products So. Central, Inc., and Concord Confections, Inc.

_____
D. MICHAEL SWINEY, JUDGE