# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 9, 2008 Session

## ERICA LIN v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

### Appeal from the Chancery Court for Davidson County
No. 05-2605-IV     Richard H. Dinkins, Chancellor

---

### No. M2008-00212-COA-R3-CV - Filed October 10, 2008

---

Erica Lin ("Plaintiff") began working as a teacher for The Metropolitan Government of Nashville and Davidson County ("Defendant") in 2002. During her employment, Plaintiff complained of actions which she believed to be discriminatory based on her race and alleged disability. Defendant sent Plaintiff a letter on April 1, 2006, informing her that her employment was being terminated effective May 26, 2006. Plaintiff eventually abandoned her race and disability discrimination claims and proceeded only on a claim for retaliatory discharge. Defendant filed a motion for summary judgment claiming the undisputed material facts established that Plaintiff was terminated for poor work performance. The Trial Court granted the motion for summary judgment, and Plaintiff appeals. We conclude that Defendant's motion for summary judgment neither negated an essential element of Plaintiff's claim nor conclusively established an affirmative defense. Therefore, we vacate the order granting Defendant's motion for summary judgment and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, SP. J., joined.

James L. Harris, Nashville, Tennessee, for the Appellant, Erica Lin.

J. Brooks Fox and Elizabeth A. Sanders, Nashville, Tennessee, for the Appellee, The Metropolitan Government of Nashville and Davidson County.

# OPINION

## Background

This case began as a race and disability discrimination lawsuit and ended with only a claim for retaliatory discharge being pursued. In 2002, Plaintiff began employment with Defendant as a pre-kindergarten teacher. Approximately three years later and while still employed by Defendant, Plaintiff filed this lawsuit alleging that she was discriminated against on the basis of her race (Asian) and because she was disabled with "psychiatric problems." Plaintiff also claimed that she was retaliated against after making complaints of illegal discrimination. More specifically, Plaintiff claimed that during the course of her employment, she was scrutinized more closely than similarly situated non-Asian employees and, in particular, African American employees.

In her complaint, Plaintiff detailed an event which allegedly occurred on August 22, 2005, when she was bitten "very badly" by her dog and scheduled a doctor appointment for 3:00 p.m. Plaintiff claimed the school principal, Mr. Ross, refused to let her leave school at 2:45 p.m. so she could make it to her appointment on time. Instead, according to Plaintiff, Mr. Ross made her stay at the school until 3:10 p.m., even though Plaintiff's students had been dismissed from school at 2:00 p.m. Plaintiff claimed that approximately one week later, a teacher, who was African American, fell in the hallway at the school. Not only did Mr. Ross allow that teacher to leave and go to the hospital, but Mr. Ross went so far as to drive that employee to the hospital himself. Plaintiff maintains that she called the Board of Education to complain about the alleged disparate treatment and, thereafter, Mr. Ross began attending her classes and monitoring her while she worked.

On April 1, 2006, Defendant sent Plaintiff a letter informing her that her employment would not be renewed. According to this letter:

> This constitutes official notification that under the terms of Tennessee Code Annotated 49-2-302(b)(1)(EE), the Director of Schools has approved your non-renewal for the 2006-2007 school year. Your employment with Metropolitan Nashville Public Schools will be terminated effective May 26, 2006.

After receiving this letter, Plaintiff amended her complaint to assert a retaliatory discharge claim. Plaintiff claimed that her employment was terminated because she had engaged in protected activity and that her termination violated the anti-retaliation provisions contained in the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301(1) (2005).

Defendant responded to the original complaint and the amended complaint, generally denying the pertinent allegations contained therein. Defendant asserted that there were legitimate non-discriminatory reasons for all of the actions taken with respect to Plaintiff's employment.

Soon after answering the amended complaint, Defendant filed a motion for summary judgment. The crux of the motion was that:

> [Plaintiff's] continued job performance problems over the course of four school-years of not preparing lesson plans, a lack of a fundamental understanding of the central concepts of what she was teaching, and not utilizing key components of the required curriculum all were the basis for her termination, and [Plaintiff] cannot show that these reasons (which are well documented throughout her employment with [Defendant]) are merely "pretextual."

Attached as exhibits to Defendant's motion for summary judgment were excerpts from Plaintiff's deposition as well as her performance evaluations that were conducted throughout the course of her employment with Defendant. These exhibits show that Defendant had problems with Plaintiff's performance almost from the outset of her employment. However, noticeably lacking from Defendant's motion for summary judgment is an affidavit or any sworn testimony from a decision-maker that Plaintiff's poor performance was the actual reason or basis for her termination.

Defendant's motion for summary judgment was scheduled for a hearing. At the beginning of that hearing, Plaintiff's counsel announced that Plaintiff was abandoning her race and disability discrimination claims and would proceed only on the retaliatory discharge claim. Following the hearing, the Trial Court entered an order granting Defendant's motion for summary judgment and dismissing Plaintiff's retaliation claim. The Trial Court's order states:

> The Court hereby finds that, with regards to the Plaintiff's claim of retaliation under the Tennessee Human Rights Act, the Metropolitan Government has articulated a properly-supported legitimate, non-discriminatory reason for Plaintiff's employment termination (namely, Plaintiff's alleged performance issues over the course of four school-years, involving the preparation of lesson plans and an alleged failure to utilize key components of the required curriculum); and that the Plaintiff, as the non-moving party, has not met her burden in response to a properly-supported motion for summary judgment and instead relies on the bare allegations of her complaint, and has shown no specific facts that would support a theory that the Metropolitan Government's articulated reasons are merely "pretextual."

Plaintiff appeals raising the following issue: "Did not the Chancellor err in ruling on matters touching upon motive, intent, perception, and/or credibility in the context of a motion for summary judgment, and thereby impermissibly invade the province of the factfinder?"

## Discussion

In *Teter v. Republic Parking System, Inc.*, 181 S.W.3d 330 (Tenn. 2005), our Supreme Court recently reiterated the standards applicable when appellate courts are reviewing a motion for summary judgment. The Court stated:

> The purpose of summary judgment is to resolve controlling issues of law rather than to find facts or resolve disputed issues of fact. *Bellamy v. Fed. Express Corp.*, 749 S.W.2d 31, 33 (Tenn. 1988). Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04; *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000); *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). In reviewing the record, the appellate court must view all the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of the non-moving party. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). And because this inquiry involves a question of law only, the standard of review is de novo with no presumption of correctness attached to the trial court's conclusions. *See Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Teter*, 181 S.W.3d at 337.

The Tennessee Human Rights Act prohibits, among other things, retaliation against someone who has made a charge or has filed a complaint of discrimination. According to the statute:

> It is a discriminatory practice for a person or for two (2) or more persons to:
>
> (1) Retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter or because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter ….

Tenn. Code Ann. § 4-21-301(1) (2005).

In *Allen v. McPhee*, 240 S.W.3d 803 (Tenn. 2007), our Supreme Court set forth the elements necessary to establish a prima facie case of retaliation pursuant to Tenn. Code Ann. § 4-21-301(1). The Court stated:

-4-

Applying … [*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)], we hold that in order to state a prima facie case for retaliation under the THRA an employee must demonstrate: 1) that she engaged in activity protected by the THRA; 2) that the exercise of her protected rights was known to the defendant; 3) that the defendant thereafter took a materially adverse action against her; and 4) there was a causal connection between the protected activity and the materially adverse action. The burden-shifting analysis that follows the establishment of a prima facie case remains unchanged by *White*. After an employee establishes a prima facie case of retaliation, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the materially adverse action. *Miller*, 122 S.W.3d at 776; *see also Canitia*, 903 F.2d at 1066. If the defendant articulates such a reason, the employee, who bears the burden of persuasion throughout the process, must present evidence demonstrating that the articulated reason is pretextual and that the defendant's action was actually motivated by a desire to retaliate against the employee. *Miller*, 122 S.W.3d at 776; *see also Canitia*, 903 F.2d at 1066.

*Allen*, 240 S.W.3d at 820-21.

The entire point of Plaintiff's brief on appeal is that the reason for her termination, i.e., a legitimate non-discriminatory reason versus illegal retaliation, necessarily involves issues surrounding her employer's motivation. Plaintiff argues that an employer's motivation never can properly be the subject of a summary judgment motion. A contrary holding, Plaintiff claims, would be "tantamount to reading the mind of the parties" which would be impermissible in the summary judgment context.

A more thorough analysis of *Allen* reveals Plaintiff's position is without merit. In *Allen*, the Supreme Court determined that the plaintiff had established a prima facie case of retaliation. Nevertheless, the Court concluded that the plaintiff had failed to create a genuine issue of material fact as to causation when undertaking the burden-shifting analysis that follows the establishment of a prima facie case. According to *Allen*:

Although we have concluded that a reasonable jury could conclude that Allen has established a prima facie case, the State is entitled to summary judgment if it can articulate a legitimate, non-discriminatory reason for transferring Allen and if Allen is unable to present evidence that raises a genuine dispute over whether the proffered reason is pretextual. *See Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). To meet its obligation to articulate a legitimate, non-discriminatory reason for the reassignment, the State

contends that it reassigned Allen to MTSU's Development Office to protect her from further harassment. Protecting employees from sexual harassment is clearly a legitimate and nondiscriminatory goal. Protecting employees is, in fact, one of the central purposes of the THRA. *See* Tenn. Code Ann. § 4-21-101(a)(1)-(4) (2005). By articulating a legitimate, non-discriminatory reason for the transfer, the State has presented Allen with the burden of producing evidence that the State's proffered motive is pretextual.

Allen can meet her burden by presenting evidence that: 1) the State's proffered reason has no basis in fact; 2) the proffered reason did not actually motivate the reassignment; or 3) the proffered reason is insufficient to explain the reassignment. *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003). Allen has failed to present such evidence. On the contrary, the evidence in the record supports the State's assertion that Allen was transferred to protect her from further harassment by McPhee. While a reasonable person could conclude that Allen has been assigned to a position that is less desirable than her previous position, her reassignment is clearly superior to the alternative of remaining in a position in which she would be forced to interact closely with her harasser. We therefore hold that Allen has failed to demonstrate the existence of a genuine issue of material fact regarding the State's motivation for the reassignment. Accordingly, we conclude that the State is entitled to summary judgment on this issue.

*Allen*, 240 S.W.3d at 823.

In light of *Allen*, we reject Plaintiff's argument and conclude that retaliatory discharge claims properly can be the basis for a summary judgment motion. A defendant can be entitled to summary judgment on a retaliatory discharge claim *if* the requirements of Tenn. R. Civ. P. 56 have otherwise been met. The question then becomes whether Defendant's motion for summary judgment complies with the requirements of Tenn. R. Civ. P. 56, thus entitling Defendant to summary judgment. We conclude that it does not.

Before we address Defendant's failure to satisfy the Tenn. R. Civ. P. 56 requirements, we first will address Defendant's claim that it was entitled to summary judgment because Plaintiff was unable to establish a prima facie case of retaliation. As set forth above, the Supreme Court in *Allen* set forth four elements necessary to establish a prima facie case of retaliation. The fourth element is a "causal connection between the protected activity and the materially adverse action." *Allen*, 240 S.W.3d at 820. It is this element that Defendant argues is missing from Plaintiff's case. As noted by the *Allen* Court, "close temporal proximity of a complaint and a materially adverse action are sufficient to establish a prima facie case of causation." *Id*. at 823. Defendant argues that

there is no "close temporal proximity" because Plaintiff filed her complaint on October 20, 2005, and it was over five months later when she was notified of her termination on April 1, 2006. As discussed in more depth later in this Opinion, Defendant has not filed an affidavit from the person or persons who ultimately decided to terminate Plaintiff's employment. Thus, regardless of the date Plaintiff was sent a letter informing her of her termination, we do not when that decision actually was made. For all this Court knows, the decision could have been made the very day Defendant became aware of Plaintiff's lawsuit or any other protected activity, and she simply was not notified of that decision until the end of the school year. A plaintiff's prima facie burden is not onerous. *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir. 1996). Given that this Court does not know from the record when the decision to terminate Plaintiff's employment was made, we are unable to conclude that Defendant was entitled to summary judgment because Plaintiff was unable to establish a prima facie case.

The final issue is whether Defendant complied with the requirements of Tenn. R. Civ. P. 56 and thus was entitled to summary judgment. In *Mills v. CSX Transp. Inc.,* No. E2006-01933-COA-R3-CV, 2007 WL 2262052 (Tenn. Ct. App. Aug. 8, 2007), *no appl. perm. appeal filed*, this Court discussed the summary judgment standard in some detail, relying heavily on our earlier opinion in *Hannan v. Alltel Pub. Co.*, No. E2006-01353-COA-R3-CV, 2007 WL 208430 (Tenn. Ct. App. Jan. 26, 2007), *perm. app. granted June 18, 2007*. Quoting *Hannan*, we stated:

> [The Tennessee] Supreme Court continues to adhere to the principle that a defendant seeking summary judgment must actually negate an essential element of the plaintiff's claim or establish an affirmative defense before the plaintiff's burden to produce evidence establishing the existence of a genuine issue of material fact is triggered. An assertion that a plaintiff cannot prove an essential element of her claim does not constitute the negating of that element. Hence, it is insufficient to support a grant of summary judgment. *See, e.g., Lawson v. Edgewater Hotels, Inc.*, 167 S.W.3d 816, 823-24 (Tenn. Ct. App. 2004); *Hankins v. Chevco, Inc.*, 90 S.W.3d 254, 261 (Tenn. Ct. App. 2002).

*Mills*, 2007 WL 2262052, at * 5.

In accordance with the above analysis, in *Mills* we concluded that the trial court improperly granted summary judgment based on the defendant's argument that the plaintiff would be unable to prove his claim at trial. *Id.*, at *6. According to *Mills*:

> Because Defendant failed to affirmatively negate an essential element of Plaintiff's claim or to conclusively establish an affirmative defense, Plaintiff's burden at this summary judgment stage to establish the existence of a genuine issue of material fact never was triggered. *See Blair*, 130 S.W.3d at 767. While Plaintiff may well

not be able to meet his burden at trial, his burden at this summary judgment stage is far different. Therefore, the Trial Court erred when it granted Defendant's motion for summary judgment.

Finally, we note that there is a disagreement between the Eastern Section and the Middle Section of this Court regarding the proper standard for evaluating a motion for summary judgment. This disagreement was examined in detail in *Hannan*, 2007 WL 208430, at *7, 8. In short, the two sections are in disagreement over whether it is sufficient, for summary judgment purposes, to claim that a plaintiff will be unable to prove his or her case at trial. We continue to adhere to our decision in *Hannan* that such proof is insufficient under the standard set by *Blair*, and we will continue to do so until instructed otherwise by the Tennessee Supreme Court. We note, however, that our Supreme Court has granted permission to appeal in the *Hannan* case, and, hopefully, this disagreement will be resolved in the near future.

*Mills*, 2007 WL 2262052, at * 6 (footnote omitted).

The fatal flaw with Defendant's motion for summary judgment is the fact that no affidavit or other form of sworn testimony was presented by Defendant from a representative of Metropolitan Nashville Public Schools stating the actual basis for Plaintiff's termination. Neither has Defendant cited us to anything in the record nor have we found anything in our review of the record stating that Defendant's reason for terminating Plaintiff's employment was her poor job performance. There is nothing in this record, other than counsel's arguments and briefs, which articulates this nondiscriminatory reason of poor job performance as being the basis for Defendant's termination of Plaintiff's employment. Simply filing Plaintiff's unsatisfactory performance evaluations is insufficient. While these employment evaluations certainly show that Defendant had problems with Plaintiff's job performance, Defendant has filed nothing establishing that these negative performance evaluations actually impacted the reason for Plaintiff being terminated, and we cannot assume that they did. We also note that Defendant's April 1, 2006, termination letter to Plaintiff does not state that the reason for her termination was her unsatisfactory job performance, and, in fact, no reason for the termination is stated in the letter. Assuming, without deciding, that Plaintiff's job performance was unsatisfactory, that does not necessarily mean that she was fired because of her poor job performance and that she was not retaliated against.

In the absence of an affidavit or any other form of sworn testimony by the decision-maker articulating why Plaintiff was terminated, Defendant has failed to negate an essential element of Plaintiff's claim or conclusively establish an affirmative defense. Thus, Plaintiff's burden to produce evidence which creates a genuine issue of material fact surrounding the reasons for her termination never was triggered. The Trial Court, therefore, erred when it granted Defendant's motion for summary judgment, and the Trial Court's judgment must be vacated.

-8-

## Conclusion

The judgment of the Trial Court is vacated and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. Costs on appeal are taxed to the Appellee, the Metropolitan Government of Nashville and Davidson County.

_____

D. MICHAEL SWINEY, JUDGE