**Clarence GLADMAN,
Plaintiff-Appellant,**

v.

**REVCO DISCOUNT DRUG CENTERS,
INC., Defendant-Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

Jan. 20, 1984.

Application for Permission to Appeal
Denied by Supreme Court
April 23, 1984.

Peter Alliman, Knoxville, for plaintiff-appellant.

Daryl R. Fansler, Knoxville, for defendant-appellee.

OPINION

GODDARD, Judge.

The Plaintiff-Appellant appeals the Trial Judge's decision to grant the Defendant-Appellee's motion for summary judgment. The Plaintiff maintains that a lessee has a concurrent liability with the lessor for injuries to a business invitee that result from defects in the common area of a shopping center.

This action arose from personal injuries sustained by the Plaintiff when he fell in a shopping center parking lot on his way to the Defendant's store on January 14, 1982. The Plaintiff alleged in his complaint that the parking lot was "covered with ice and snow and although attempting to step in the areas which appeared to be the least hazardous, the plaintiff fell and suffered serious ... injuries and damage." The Plaintiff charged the Defendant with knowledge of the dangerous condition and with not properly maintaining the parking lot that day. As a result of the Defendant's alleged negligence, the Plaintiff demanded judgment of $45,000 in compensatory and punitive damages.

The Defendant presented evidence in the form of an affidavit by its Senior Vice-President of real estate and a copy of the lease between the Defendant, lessee, and the lessor, who was never a party to this action. The lease showed that the lessor was to retain control over the common areas of the shopping center and perform all necessary maintenance for these areas including keeping them free from "ice, snow or other hindrances." The Defendant filed a motion for summary judgment which the Trial Judge granted after hearing argument, and the Plaintiff appealed.

The Plaintiff argues on appeal that the Defendant, lessee, is concurrently liable with the lessor for the Plaintiff's injuries. Since no other party that may be liable has been sued, we limit our review to the liability of the Defendant, lessee, in this case.

The scope of our review was adequately stated in *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276, 279 (Tenn.App.1977), in which the Court said:

Summary judgment is to be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R.C.P. 56.03. *See Phillips v. Pittsburgh Consolidated Coal Co.*, 541 S.W.2d 411 (Tenn.1976). The court's role in ruling on the motion is similar to its role in ruling on a motion for a directed verdict, and it must view the pleadings and evidence before it in the light most favorable to the opponent of the motion. *Stone v. Hinds*, 541 S.W.2d 598 (Tenn.App.1976). The standard quoted above from Rule 56.03 applies each time a motion for summary judgment is made, and it requires a determination to be made on a case-by-case, issue-by-issue basis.

Viewing the evidence in the light most favorable to the Plaintiff, we uphold the judgment of the Trial Court that no genuine issue of material fact exists. The Plaintiff presents a number of cases on appeal for this Court to consider, but none hold as the Plaintiff would have us hold, that a lessee in a shopping center is concurrently liable for any injuries to any invitees which occur in the common areas of the center, regardless of the lease agreement.

In *Mumford v. Thomas*, 603 S.W.2d 154 (Tenn.App.1980), the Court held the landlord could be liable for the injuries of an invitee which occurred on an icy parking lot. The Court held that the landlord owed the invitee a duty of reasonable care. Nothing was said of the lessee's duty in *Mumford*, and therefore it is inapplicable to the case at bar.

In *Roberts v. Tennessee Wesleyan College*, 60 Tenn.App. 624, 450 S.W.2d 21 (1969), the plaintiff fell on the steps of a building and sued both the landlord and the lessee. The Court said that in regard to the invitee, a lessee has a duty to see that the leased premise and its approach is in a

reasonably safe condition. The *Roberts* case simply required the lessee to provide reasonable ingress and egress. In the case at bar the Plaintiff was crossing over the parking lot of a shopping center in which many stores were located. When he fell the Plaintiff was still a good distance from the approach to the Defendant's store.[1] This case is not an ingress or egress situation as was *Roberts*.

The Plaintiff maintains that the New Jersey case of *Jackson v. K-Mart Corp.*, 182 N.J.Super. 645, 442 A.2d 1087 (Law Div. 1981), is analogous to his situation. In *Jackson* the plaintiff fell on the sidewalk leading directly to the defendant's store from the parking lot. The Court held that the operator-tenant has a duty to provide a reasonably safe path of egress from the premises. Even if this case were controlling on this Court, we do not believe that it strengthens the Plaintiff's argument. In the case at bar the Defendant had undertaken responsibility for the sidewalk in front of its store by clearing it of ice and snow. This act provided reasonably safe egress from the store for its invitees. We do not believe that it would be reasonable to require a single lessee to clean the entire parking lot of a multiple-store shopping center in order to meet this ingress and egress requirement. In *Torres v. Piggly Wiggly Shop Rite Foods, Inc.*, 93 N.M. 408, 600 P.2d 1198 (Ct.App.1979), the Court was faced with this issue and said that where there is a parking lot in a shopping center reserved for the use of all tenants, a particular lessee would not be liable for injuries on the lot unless the lessee had exercised control over the parking lot. Accord: *Howe v. Kroger Co.*, 598 S.W.2d 929 (Tex.Civ.App.1980). Here the Defendant was not shown to have exercised control over the parking lot, rather by the lease agreement the lot remained in the control of the lessor.

In view of the above authorities we agree that the summary judgment was proper.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of costs below. The costs of appeal are adjudged against the Plaintiff and his surety.

PARROTT, P.J., and SANDERS, J., concur.

---

**1.** Although this fact does not appear in the record it was conceded by the Plaintiff at oral argument.