IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
_____

WILLIE MAE VANN,

      Plaintiff-Appellant,

Vs.

CALVIN HOWELL and
YOUTH VILLAGES,

      Defendants-Appellees.



**FILED**

Shelby Circuit No. 75667 T.D.
C.A. No. 02A01-9809-CV-00246

**June 30, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

FROM THE SHELBY COUNTY CIRCUIT COURT
THE HONORABLE JAMES E. SWEARENGEN, JUDGE


Lanier Fogg of Memphis
For Appellant

B. J. Wade, James F. Horner;
Glassman, Jeter, Edwards & Wade of Memphis
For Appellee, Youth Villages

John D. Richardson, Teresa A. Newsom;
The Richardson Law Firm of Memphis
For Appellee, Howell


*AFFIRMED IN PART, REVERSED IN PART*

Opinion filed:


                      **W. FRANK CRAWFORD,
                      PRESIDING JUDGE, W.S.**


**DISSENTS:
ALAN E. HIGHERS, JUDGE**

**CONCURS:
DAVID R. FARMER, JUDGE**


      This is a premises liability action. Plaintiff/appellant, Willie Mae Vann (Vann), appeals the trial court's order granting summary judgment to defendants/appellees, Calvin Howell (Howell) and Youth Villages, Inc.

Youth Villages is a private, nonprofit organization involved in placing troubled children with foster parents. It leases offices on the third floor in a building owned by Howell. On January 28, 1995, Vann accompanied her daughter to a Youth Villages's informational meeting. This meeting was held in empty offices on the second floor of the building.[1] The elevator servicing the building had both a front and back door. The back door opened only when a button inside the elevator was pushed. Following the meeting, Vann stepped onto the elevator, and she moved to the rear of the elevator as people entered. Prior to the elevator moving, someone unintentionally hit the button which opened the rear door. Vann fell through the opening and was allegedly injured.

Vann filed suit against both Howell and Youth Villages alleging the back elevator door opening unexpectedly constituted a dangerous condition which the defendants should have remedied or warned against. Both defendants filed motions for summary judgment which the trial court granted after a hearing. Vann filed a timely appeal and asks this Court to determine whether summary judgment was appropriate.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. **Id.** In **Byrd v. Hall**, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

---

[1]Although Youth Villages rented offices on the third floor of the building, this informational meeting was held in empty space on the second floor with Howell's permission.

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

We first examine Vann's claim against Youth Villages. She asserts that Youth Villages has a duty to exercise reasonable care in keeping approaches to the business, including the elevator, in a safe condition. Vann spends much of her brief arguing that possessors of property have a duty of reasonable care to protect against dangers on the premises. In the present case, we are not dealing with an injury that occurred on the leased premises, but one that occurred in a common area leading to Youth Villages.

The existence of a duty is a question of law for the court. *Blair v. Campbell*, 924 S.W.2d 75 (Tenn. 1996). The trial court granted summary judgment on the basis that Youth Villages had no legal duty to Vann as a matter of law. The general law in this area is described in 26 Am. Jur. 2d *Elevators and Escalators* § 24 (1996):

> A tenant who controls an elevator on leased premises is liable for injuries resulting from negligent operation and management. If the tenant has sole control of the elevator, he, not the landlord, has the duty to warn and protect the persons whom he invites to use the elevator.... ***However, if the tenant has no control over the elevator or its shaft, he is generally charged with no duty to protect others on the premises therefrom.***

(emphasis added).

Under the terms of the lease no mention is made for the control of the common areas or the elevator.[2] By affidavit, Paula Jones, Director of Support Services at Youth Villages, states in pertinent part:

> 6. This address is a commercial office building containing four floors. In the office building there are two elevators which serve the four floors. The elevators are not part of the leased premises pursuant to the Lease Agreement between Youth Villages, Inc. and H.P.I., Inc.
>
> 7. The elevators are part of the common area of the building for use by all tenants.
>
> 8. Youth Villages, Inc. did not lease or control either the elevator in January, 1995, when the Plaintiff allegedly was injured, nor has it leased or controlled the elevators at any other time.

---

[2]Vann cites several provisions in the lease in which she claims Youth Villages had assumed various responsibilities to keep common areas in a safe and passable condition. After examination of the pertinent provisions, we have determined that Youth Villages did not assume control over common areas of the building.

No other evidence was submitted concerning control over the elevator. From the evidence provided, it is undisputed that Youth Villages did not exercise control over the elevator.

Vann asserts that this Court's opinion in *Roberts v. Tennessee Wesleyan College*, 450 S.W.2d 21, 60 Tenn. App. 624 (1969) imposes a duty upon Youth Villages to keep the elevator in a reasonably safe condition. In *Roberts*, plaintiff brought an action against a dance school and a college for injuries sustained when she fell on the steps outside a college auditorium temporarily leased by the dance school. The college maintained control of the entrance way including the steps where the accident occurred; yet the *Roberts* Court held that both the dance school and the college had a duty to keep the approach in a reasonably safe condition. *Id.* at 25-26. As this Court noted in *Gladman v. Revco Discount Drug Cntrs., Inc*., 669 S.W.2d 677 (Tenn. App. 1984), *Roberts* "simply required the lessee to provide reasonable ingress and egress." *Id.* at 679. In the instant case, as in *Gladman*, Vann was some distance from the approach to the Youth Villages premises. This case is not an ingress or egre

While plaintiff argues that *Roberts* is persuasive, *Gladman* is more analogous to the case at bar. In *Gladman*, plaintiff filed suit against Revco for injuries suffered when he slipped and fell on ice in the parking lot.[3] The parking lot in question served a multiple store shopping center, and the court stated in pertinent part: "We do not believe that it would be reasonable to require a single lessee to clean the entire parking lot of a multiple-store shopping center in order to meet this ingress and egress requirement." *Id.* at 679. Similarly, the present case concerns an elevator that services several businesses located within the building owned by Howell. Youth Villages never assumed responsibility or control of the elevator, and therefore we believe, as the *Gladman* Court did, that it would be unreasonable to impose a duty on Youth Villages to keep the elevator in a reasonably safe condition.

We must next determine whether summary judgment was appropriate as to Howell. The lease Youth Villages and Howell entered into makes no mention of the control of the common areas of the building; however, where the premises are leased to different tenants and certain areas are reserved for the use in common of the different tenants, the landlord has a duty imposed by law to keep common passageways in a safe condition. *Woods v. Forest Hill Cemetery*, 192 S.W.2d 987, 991, 183 Tenn. 413, 424 (1946). Tennessee law regarding a landlord's duty as to common areas was defined in *Tedder v. Raskin*, 728 S.W.2d 343 (Tenn. App. 1987).

> [W]here the landlord retains possession of a part of the premises for use in common by different tenants, the landlord is under a continuing duty imposed by law to exercise reasonable care to keep the common areas in good repair and safe condition. . . . [A]lthough the landlord is by no means an insurer of his tenants' safety, Tennessee common law has long held the landlord responsible for the condition of common areas under his control.

---

[3]Inexplicably, plaintiff did not sue the landlord.

4

*Id*. at 347-48.

The elevator in the present case which serviced the entire building constitutes a common area. "A landlord who retains the control and management of an elevator provided for the common use of his tenants may be responsible for injuries to his tenants, their employees, and such other persons as may lawfully use the elevator." 26 Am. Jur. 2d *Elevators and Escalators* § 22 (1996).

The landlord's duty includes the obligation to remove or warn against any dangerous condition on the premises of which landlord is aware or should have been aware through the exercise of reasonable diligence. *Eaton v. McLain,* 891 S.W.2d 587, 593-94 (Tenn. 1994). As this Court noted in *Oates v. Glenstone Lodge, Inc.*, No. 03A01-9712-CV-00545, 1998 WL 251763 (Tenn. App. May 19, 1998):

> Generally, "[a] risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

*Id*. at *2.

It appears foreseeable that persons entering the elevator would move to the back of the elevator, depending on the crowd on the elevator, and could be against the rear wall of the elevator, or, as in this case, the door of the elevator. The record reflects that there were no warning signs that the rear door was an operating door. It also appears from the record that the rear door could be locked, and that in fact the landlord had locked it for other floors on the building.

In a few states, the owner and operator of an elevator also has a more stringent duty than that of reasonable care. *See* 26 Am. Jur. 2d *Elevators and Escalators* § 14 (1996). Tennessee is one such state which holds the owners and operators of elevators have an "obligation to passengers on elevators . . . [that] is the same as that of common carriers to passengers, and that they must use and exercise the highest degree of care and precaution." *Southern Bldg. & Loan Ass'n v. Lawson*, 37 S.W. 86, 87, 97 Tenn. 367 (1896).

There is material evidence in this case that establishes that Howell, as owner and operator of the elevator in question, owed Vann the duty of a common carrier to keep the elevator in good repair and safe condition. Whether Howell breached that duty to Vann, and if so, whether comparative fault becomes part of the analysis are, in our opinion, issues to be decided by the jury and not the trial judge. *See Oates v. Glenstone Lodge, Inc.,* No. 03A01-9712-CV-00545, 1998 WL 251763, at *1 (Tenn. App. May 19, 1998); *Roberts v. Tennessee Wesleyan College*, 450 S.W.2d 21, 26, 60 Tenn. App. 624, 634 (1969). Therefore, we believe that summary judgment was inappropriate for the defendant Howell.

5

The order granting summary judgment to Youth Villages is affirmed, and the order granting summary judgment to Howell is reversed, and the case is remanded for such further proceedings as are necessary. Costs of the appeal are assessed one-half to appellee, Howell, and one-half to appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCURS:**

_____
**DAVID R. FARMER, JUDGE**

**DISSENTS: ALAN E. HIGHERS, JUDGE**