IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 29, 2007 Session

## VICKY BERRY v. HOUCHENS MARKET OF TENNESSEE, INC., d/b/a Save-a-Lot Stores, and J.D. EATHERLY PROPERTIES

Direct Appeal from the Circuit Court for Davidson County
No. O4 C 2245    Hon. Barbara Haynes, Circuit Judge

No. M2006-02103-COA-R3-CV - Filed November 15, 2007

Plaintiff fell in a puddle of oil in the parking lot near the Save-a-Lot Market.  The Trial Court granted the market and the owner of the parking lot summary judgment.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., joined, and SHARON G. LEE, J., dissented and filed an opinion.

Michael H. Sneed, Nashville, Tennessee, for appellant.

Joseph M. Huffaker and Mary Beth Haltom, Nashville, Tennessee, for appellee.

**OPINION**

In this action, the plaintiff alleges she slipped and fell in the parking lot of a Save-A-Lot market in Nashville, Tennessee and sustained personal injuries.  The Save-A-Lot is owned by defendant Houchens Market of Tennessee, Inc. ("Houchens")  The Save-A-Lot is located in a shopping center, which, along with the parking lot is owned by defendant J. D. Eatherly Properties ("Eatherly").

Defendants filed a Motion for Summary Judgment, arguing that Houchens owed no duty of care to plaintiff, plaintiff could not prove an essential element of the premise liability claim

against Eatherly, and plaintiff's negligence equaled or exceeded the negligence of the defendant. The Motion was supported by the deposition of plaintiff and an affidavit of J.D. Eatherly. In plaintiff's response, she said that defendant owed a duty under the premise liability "method of operation" theory pursuant to *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004). She also filed her affidavit and two photographs of the parking lot. She also filed affidavits of Jasmine Compton and Clarence Edward Simpson.

At the hearing on the motion, the Trial Judge granted Houchens' Motion, but the Motion on behalf of Eatherly was denied.

Subsequently Eatherly filed a Motion to reconsider, and in its memorandum in support it urged the Court to consider the premise liability principles set forth by this Court in *Thompson v. Ruby Tuesday,* No. M2004-01869-COA-R3-CV, 2006WL468724 (Tenn. Ct. App. Feb. 27, 2006). The Trial Court then granted Eatherly's Motion and dismissed the action on May 5, 2006.

On June 5, 2006 plaintiff filed a Motion to Alter or Amend on the ground that she had new evidence that suggested both defendants had notice of the defective condition. Eatherly responded that the Motion did not set forth why the "new evidence" could not have been produced and presented before defendant's motion was heard and adjudicated. This motion was denied and plaintiff appealed.

Essentially, the facts regarding the accident are gleaned from the deposition of the plaintiff, and the evidence regarding the status of ownership of the parking lot and the agreement of lease between Houchens and Eatherly are set forth in the affidavit of J. D. Eatherly and the attached lease.

On the date of the accident, plaintiff had two nieces, ages nine and ten, in the car when she stopped at the Save-A-Lot with the intent of purchasing picnic supplies. She had not been to this particular store for approximately two years before the accident, and drove her car into the parking lot and parked in a space in front of the store. She got out of the car, closed the door and started slowly to walk around her car. She walked approximately three to four feet and slipped and fell in a puddle of oil in the parking lot. She claims to have not seen the oil on the ground before stepping in it. She fell on her back in the puddle of oil and injured her right leg. She testified that the back of her body, including her hair, was soaked in oil. Two elderly men, who had been sitting in their cars in the lot, observed her fall and helped her to her feet. These men advised plaintiff that a young man had just finished changing the oil in his car in the parking lot.

Plaintiff described the oil on the ground "it wasn't no little bitty amount, it was like a puddle of oil." She described the oil as "dark black" and stated that the oil, which was darker than the gray surface of the parking lot, was clearly distinguishable from the lot. Her explanation for not seeing the oil until she was lying in it was that she was looking straight ahead and that she never looks down when she is walking. She was questioned at her deposition:

Q. But what would have kept you from seeing it had you been looking where you were walking prior to stepping in it?

A. I don't know. I don't - - I have no idea. I mean, I've been like this all my life. I mean, why all of a sudden would I - - oh, gee, there's oil. I mean, come on, man. I mean I've just been like this all my life. I never look down when I'm walking. I always look straight ahead.

She agreed in her deposition that she did not know whether Save-A-Lot employees or the owner of the parking lot had notice of the puddle of oil she fell into. She stated that she drove by the lot after the day of the accident and it was in "filthy" condition. She acknowledged that she could not speak to the state of the lot prior to the day of the accident as she had not been there for two years prior to the accident. In her affidavit filed in support of her response to the defendant's motion she contradicts that last statement. In paragraph 4 of the affidavit she states:

4. The area of the store was generally kept unclean. I slipped in what I assumed to be oil which caused me to fall. I did not see the puddle of oil prior to stepping on to this substance. Attached hereto are copies of the photographs taken shortly after the fall. The photographs show the general state of the parking lot. The parking lot was rarely cleaned and generally was not swept free of debris. . . .

The affidavit of Jasmine Compton, a teenager who lived near the parking lot, stated that she had observed "oil and slick oil spots in the parking area." The affidavit of Clarence Edward Simpson, Sr., an employee of Save-a-Lot at the time of plaintiff's fall, states: "[t]he lot was never paved, cleaned or monitored to prevent people from the neighborhood from performing car maintenance on the lot."

J. D. Eatherly's affidavit in support of their motion stated that Eatherly was the owner of the property at issue at the time of the accident; the property was the subject of a lease agreement with various tenants who leased store space on the property, including Houchens, and that under the terms of the lease, the landlord was responsible for keeping the parking area and other common areas of the property in orderly condition, clear of dirt, debris and snow. The tenant was responsible for keeping the sidewalks and loading docks immediately adjacent to the leased premises free and clear of dirt, debris or snow. He further stated that on September 28, 2002 the parking lot of the property at issue served multiple tenants and that the lot was under the exclusive control of J. D. Eatherly Properties. Eatherly also addressed the issue of whether Eatherly caused or had notice of the puddle of oil. He stated that neither Eatherly nor its employees had notice of the puddle of oil or of any dangerous or defective condition at the lot on the day of the accident; neither Eatherly nor its employees caused the oil spill and that Eatherly had no knowledge that any employee of Houchens caused the oil spill. Plaintiff's deposition, considered in its most favorable light, together with Eatherly's affidavit, does not establish a material issue of material fact as to actual notice of the puddle of oil.

Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P.56.03; *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). If both the facts and conclusions to be drawn from such facts permit a reasonable person to reach only one conclusion, summary judgment is appropriate. Robinson, 952 S.W. 2d at 426 (Tenn. 1997).

In *Blair v. West Town Mall*, 130 S.W.3d 761 (Tenn. 2004), the Supreme Court reiterated the standards applicable when the appellate court reviews a motion for summary judgment:

> Our task is confined to reviewing the record to determine whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *See Staples v. CBL & Assoc., Inc.*, 15 S.W.3d. 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50-51; *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: 1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and 2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *Staples,* 15 S.W.3d at 88.
>
> When the party seeking summary judgment makes a properly supported motion, the
>
> burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

*Blair*, at p. 763-64.

In Blair the Court continued to follow the rule that a defendant who seeks summary judgment must actually affirmatively negate an essential element of the plaintiff's claim or establish an affirmative defense before the plaintiff's burden to produce evidence establishing the existence of a genuine issue of material fact is triggered. A contention that a plaintiff cannot prove an essential element of her claim does not actually negate that element. *Hannan v. Alltel*, No. E2006-013530-COA-R3-CV, 2007WL208430 at *5l (Tenn. Ct. App. Jan. 26, 2007), perm. app. granted June 18, 2007. See, e.g., *Lawson v. Edgewater Hotels, Inc.*, 167 S.W.3d 816, 823-24 (Tenn. Ct. App. 2004); *Hankins v. Chevco*, Inc. 90 S.W.3d 254, 261 (Tenn. Ct. App. 2002).

Defendant Houchens claims that as lessee of the premises, it owed no duty to Ms. Berry to maintain the parking lot in a reasonably safe condition. The issue of whether a defendant owed a duty to plaintiff is a question of law for the court. *Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn. 1996); *Carson v. Headrick,* 900 S.W.2d 685, 690 (Tenn. 1995). It is undisputed that Houchens leased the building in which the Save-A-Lot was located from Eatherly, and that under the terms of the lease, Eatherly, the landlord, was responsible for keeping the parking area and other common areas of the property in "orderly condition, clear of dirt, debris, or snow". Plaintiff did not offer any evidence to dispute that the parking lot at issue served multiple tenants and was at all times under the exclusive control of Eatherly.

It is well established that a landlord is responsible for the common areas under his control and that "where [a] landlord retains possession of a part of the premises for use in common by different tenants, the landlord is under a continuing duty imposed by law to exercise reasonable care to keep the common areas in good repair and safe condition. *Tedder v. Raskin*, 728 S.W.2d 343, 347- 48 (Tenn. Ct. App. 1987). Although the landlord has the duty to keep common areas safe and in good repair, a lessee also has a "duty to see that the leased premises and its approach is in a reasonably safe condition." *Thompson v. Ruby Tuesday, Inc.,* No. M2004-01869-COA-R3-CV, 2006WL468724 at \*3 (Tenn. Ct. App. Feb. 27, 2006 )(citing *Gladman v. Revco Disc. Drug Ctrs., Inc.* 669 S.W.2d 677, 678-79 (Tenn. Ct. App. 1984). However, this Court, in *Thompson* and *Gladman,* declined to find that a lessee had a duty to a customer/invitee who was injured in the parking lot of a shopping center when the lessee did not exercise control over the parking lot and the lease with the shopping center lessor provided that the parking lot remained in the control of the lessor.[1] The facts in *Thompson* and *Gladman* are strikingly factually similar to this case. Plaintiff

---

[1] This court also discussed as dicta the issue of a lessee's duty under similar circumstances to those present here in *Munsey v. White Stores No. 45*, No. 03A01-92030CV-00085, 1992 WL 361361 \*2 (Tenn. Ct. App.1992): "Although there are holdings to the contrary, the majority rule is that the lessee of a business establishment within a shopping center is not liable for injuries sustained by a customer on a portion of the center premises not included in the leasehold, where the lessor has the duty to maintain the area in question. *See* Frank D. Wagner, Annotation, Liability of Lessee of Particular Premises in Shopping Center for Injury to Patron for Condition on Portion of Premises Not Included in His Leasehold, 48 A.L.R. 1163, 1168 (1973 & Supp.). The majority of courts hold that in such a situation the lessee is not liable. *See Durm v. Heck's Inc.,* 401 S.E.2d 908 (W. Va. 1991) (lessee not liable); *Morris v. Scottsdale Mall Partners, Ltd.*, 523 N.E.2d 457 (Ind. App. 1988) (lessee not liable); *Raspilair v. Bruno's Food Stores, Inc.*, 514 So.2d 1022 (Ala. 1987) (lessee not liable); *Garcia v. Arben Realty Co.*, 89 App. Div.2d 616, 452 N.Y.S.2d 665 (N.Y. App. Div. 1982) (lessee not liable); *Howe v. Kroger Co.,* 598 S.W.2d 929 (Tex. Civ. App. 5th Dist. 1980) (lessee not liable); *but see Wilson v. Allday*, 487 So. 2d 793 (Miss. 1986)(lessee liable); *Jackson v. K-Mart Corp.,* 182 N.J. Super. 645, 422 A.2d 1087 (1981)(lessee liable).

clearly stated that she fell in the parking lot and not on the sidewalk, and there is no evidence that she fell in front of the door of the Save-a-Lot. This is not an ingress/egress circumstance. Based on the principles set forth in *Thompson* and *Gladman,* the undisputed facts presented regarding the relationship between Houchens and Eatherly, the terms of the lease and the location of the fall, establish Houchens, the moving party, has negated an essential element of plaintiff's claim, i.e., duty. Plaintiff did not present any evidence that Houchens ever exercised any control over the lot, and as Houchens no duty to Ms. Berry to maintain the parking lot in a reasonable safe condition, the Trial Court correctly granted summary judgment to defendant Houchens.

In premises liability cases, the superior knowledge of the condition of the premises possessed by the owner triggers liability. See *Eaton v. Mclain*, 891 S.W.2d 587, 592-94 (Tenn. 1994); *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 46 (Tenn. Ct. App. 1995). Before the owner of the premises may be held liable for negligently allowing a dangerous condition to exist on the premises, the plaintiff must establish one of the following: "1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident". *Thompson,* 2006WL468724 at *3 (citing *Barron*, 2006WL16310 at *3).

The record before us does not establish that the condition was caused or created by Eatherly or his agent. The affidavit of Eatherly further asserts that Eatherly did not have notice of a dangerous condition in the parking lot on the day of the accident nor was Eatherly on notice of a puddle of oil in the parking lot. Plaintiff did not refute that Eatherly did not have actual notice of the puddle of oil. The second prong of the notice requirement, constructive notice, can be shown "through proof that [a] dangerous or defective condition existed for such a time that in the exercise of reasonable care, the owner should have become aware of the condition", *Thompson,* or by "showing a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Blair,* 130 S.W.3d at 765-766. Plaintiff has presented no direct or circumstantial evidence, upon which a trier of fact could infer that the puddle of oil had been in the parking lot for such a time that, in the exercise of reasonable care, Eatherly should have become aware of the condition. The plaintiff's testimony, in fact, was to the contrary. As she noted in her deposition, she had been informed that a man had just changed his oil in the spot were she fell, and she admitted that the oil could have been left there just seconds before she fell. But plaintiff in her Response to Defendant's Motion for Summary Judgment relies on *Blair v. West Town Mall*, arguing that Eatherly had constructive knowledge of the puddle of oil. She argues that "[t]he parking lot was used by individuals to perform automobile maintenance, and that this was a recurring incident and it was common to occur at or around the time of plaintiff's fall. She charges both defendants were on notice of the use of the parking lot as an automobile maintenance facility and that slick oil spots would be left on the lot."

In *Blair,* the Supreme Court held that constructive notice can be found by showing a pattern of conduct, a recurring incident, or a general or continuing condition, and said:

When the party seeking summary judgment makes a properly supported motion, the

burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail.

*Blair*, 130 S. W. 3d at 767 - 768. In this case as in *Blair*, Eatherly failed to affirmatively negate the essential element of notice in plaintiff's claim. The affidavit of J. D. Eatherly and the deposition testimony of the plaintiff, do not affirmatively address the constructive notice issue described in *Blair*. The affidavit did not set forth facts establishing that Eatherly regularly maintained, monitored or inspected the parking lot. It did not address the issue of whether or not the parking lot was used by the neighbors for vehicle repair and maintenance. Nor did it address the general or continuing condition of the parking lot. Because Eatherly failed to affirmatively negate the element of constructive notice, the burden of establishing the existence of genuine material facts for trial never shifted to plaintiff.

Despite Eatherly's failure to affirmatively negate the element of constructive notice, the Trial Court's granting of summary judgment was proper, as Eatherly's motion for summary judgment conclusively established an affirmative defense. Based on plaintiff's deposition testimony and comparative fault principals, plaintiff was fifty percent or more at fault for her accident and injuries. *See, McIntyre v. Balentine,* 833 S.W. 2d 52 (Tenn. 1992); *Lewis v. State*, 73 S.W.3d 88, 94-95. *Also see, Eaton v. McLain*, 891 S.W.2d. 587-592 (Tenn. 1994).

In this case plaintiff testified she got out of the car on the driver's side, closed the door and started walking slowly around the car. Her explanation for not seeing the oil until she was lying in it was that she was looking straight ahead and that she never looks down when she is walking. According to her testimony, she slipped and fell into a considerable sized puddle of oil, not just a spot or two of oil as discussed in the *Blair* case. The puddle was large enough to soak the entire back side of her body and the back of her head. She described the oil as "dark black" and stated that the oil, which was darker than the gray surface of the parking lot, was clearly distinguishable from the surface of the lot. Like the plaintiff in *Easley*, she had a duty to see what was in plain sight, a large, black puddle of what was clearly slippery oil, and to avoid walking into it. While Eatherly clearly had a duty to maintain the parking lot in a reasonablely safe condition, reasonable minds would not differ because of plaintiff's absolute lack of attention to where she was walking she was at least fifty percent responsible for her fall and subsequent injury.

Finally, plaintiff asserts that the Trial Judge did not articulate any reason for granting summary judgment in favor of the defendants. This argument is without merit. Tennessee Rules of Civil Procedure 56.04 provides that upon request the trial court shall state the legal grounds upon

which the court grants the motion for summary judgment, but plaintiff did not make such a request. Further, Tennessee Rules of Civil Procedure 54.01 provides that findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 and 56. Moreover, the appellate court's review of summary judgment is *de novo*, and the Trial Court's reasons for its judgment, while helpful, do not preclude this Court's review of summary judgments. In this case, the appellate record, without the Trial Court's reason for judgment, was adequate for appellate review because it provided a "fair accurate and complete account" of what transpired at the trial level. This issue is without merit.

We affirm the Trial Court's grant of summary judgment to both defendants, with the cost of the appeal assessed to Vicky Berry.


_____
HERSCHEL PICKENS FRANKS, P.J.