IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2019

## PATRICIA A. GRAHAM v. GARRETT WEAVER ET AL.

**Appeal from the Circuit Court for Anderson County**
**No. B5LA0114       Donald Ray Elledge, Judge**

_____

### No. E2018-00682-COA-R3-CV

_____

Plaintiff appeals the dismissal of her premises liability action for failure to show that Defendant was the owner of the premises or built the deck on which Plaintiff fell. Plaintiff has failed to file a trial transcript or statement of the evidence; consequently, we accord the trial court's judgment a presumption that the evidence supports the holding and affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit   Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Patricia A. Graham, Oak Ridge, Tennessee, *Pro Se*

Mary Ellen Weaver, Clinton, Tennessee, *Pro Se*

### MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL HISTORY

This is a premises liability action; the salient facts are set out in the order from which the appeal is taken and are as follows:

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1.  That the defendant Garrett Weaver has never been served with process in this cause of action and the last alias that was issued for Garrett Weaver, was an alias summons that was issued on April 14, 2016 and therefore the statute of limitation has run against this defendant, and this cause of action as it pertains to Garrett Weaver should be dismissed with the cost of this cause as it pertains to Garrett Weaver being taxed to [Plaintiff] Patricia A. Graham.[2]

2.  This Court will further find that this matter rescheduled, with the Court suggesting to both the plaintiff and the defendant in this cause of action to counsel with an attorney as it is not in their best interest to bring this cause of action without an attorney, however both the plaintiff and the defendant insisted they would try this cause of action themselves. Therefore, on March 19, 2018 this Court heard the testimony of the plaintiff in this cause of action, the plaintiff's witnesses, and the defendant, Mary Weaver having been (sic) called by the plaintiff.

3.  That this cause of action began on August 10, 2014 as a result of the plaintiff's allegation of falling on the defendant's property. The plaintiff alleged that the deck gave way and collapsed around the plaintiff. The plaintiff introduced, without objection, as Exhibit One, copies of an email from the defendant Garrett Weaver, however as it pertains to Garrett Weaver[,] . . . this cause of action, as previously stated[,] has been dismissed.

4.  That Exhibit Two was a long history of medications including twenty-three pages for Patricia A. Graham, that included (sic) such narcotic drugs as Oxycodone, Alprozolam, Oxymorphone and other drugs. Exhibit three was introduced without objection showing a trailer, and a white vehicle in front of the trailer but it was not pointed out to the Court any decking that the plaintiff has alleged to collapse around her. Exhibit Four was introduced showing a record of the defendant going to Methodist Medical Center on or about August 10, 2016 which was two years to the date after the plaintiff complains of. As it pertains to all three Exhibits, as stated above, Exhibit Two as it pertains to a large quantity of prescription drugs, which leads this Court to conclude that the plaintiff in this cause of action is taking a considerable amount of prescription drugs, which alter her judgment. Exhibit Three does not show anything that pertains to be a deck or where in fact a deck was located, nor was it even pointed out in Court. The health records included as Exhibit Four are two years after this alleged incident

---

[2] Plaintiff, Patricia Graham, has not raised an issue as to the dismissal of Garrett Weaver, and he has not filed a brief and is not otherwise participating in this appeal.

and nowhere was there any indication in those records that anything that contained in those hea[l]th records were as a result of the incident that occurred on August 10, 2014.

5. The Court would further find in this cause of action that pursuant to the plaintiff's own (sic) witness, the defendant who was called by the plaintiff, the plaintiff was not an invitee to the property for which she claimed she fell and was injured.

6. The plaintiff also testified she stated she was not hurt and did not go to the doctor and the Court so finds.

7. The Court will further find that there is no testimony on record that the defendants in this cause of action built the deck, or even owned the deck or the property that it was attached to.

For all these reasons the Court [determines] that the plaintiff has failed to carry her burden of proof and that this cause of action should be dismissed and all Court cost be taxed to the plaintiff.

Plaintiff appeals.

## II. ANALYSIS

At the outset, we observe that, as in the trial court, the parties are representing themselves on appeal, and both of their briefs fail to comply with the Tennessee Rules of Civil Procedure and Court of Appeals Rules. Notwithstanding, we have reviewed the record and determined, in the interest of resolution of this matter on the merits, that this is appropriate case to suspend the application of the rules. Tenn. R. App. P. 2. This does not, however, alter the standard of review or cancel out the effect of any deficiencies in either the briefs or the record.

Because this is a non-jury case, review of the trial court's findings of fact is *de novo* upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). The burden is upon Plaintiff, the party taking the appeal, to show that the evidence preponderates against the judgment of the trial court. *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Capital City Bank v. Baker*, 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "The burden is likewise on Plaintiff to provide the court with a transcript of the evidence or a statement of the evidence from which this court can determine if the evidence does preponderate for or against the findings of the trial court." *Coakley,* 840 S.W.2d at 370. In cases where no transcript or statement of the evidence is filed, this court is required to presume that the

3

record, had it been properly preserved, would have supported the action of the trial court. *Reinhardt v. Neal*, 241 S.W.3d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).[3]

There is no trial transcript or statement of the evidence in the record on appeal; thus we must presume that the evidence at trial supports the factual findings entered by the court. Review of the trial court's conclusions of law is *de novo* with no presumption of correctness afforded to the trial court's decision. *See Kaplan*, 188 S.W.3d at 635.

In her brief, which consists of two pages of narrative, Plaintiff summarizes the events giving rise to her claim; she states that Mr. Weaver invited her to the property for the purpose of buying puppies. Plaintiff does not list specific issues for review or assert specific error by the trial court, but complains that the final order "does not account for the stability, structure or safety of the deck." For her part, Defendant has filed a two-page letter which gives her version of events, arguing the trial court was correct in finding that she did not invite Plaintiff to the property, and neither she nor Mr. Weaver were owners at the time of Plaintiff's fall.[4]

"In premises liability cases, the superior knowledge of the condition of the premises possessed by the owner triggers liability." *Berry v. Houchens Mkt. of Tenn., Inc.*, 253 S.W.3d 141, 146 (Tenn. Ct. App. 2007) (citing *Eaton v. McLain*, 891 S.W.2d 587, 592-94 (Tenn. 1994); *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 46 (Tenn. Ct. App. 1995)). As noted in *Berry v. Houchens*:

> Before the owner of the premises may be held liable for negligently allowing a dangerous condition to exist on the premises, the plaintiff must establish one of the following: "(1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident."

---

[3] Stated another way, without an adequate transcript or a statement of the evidence, "this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor." *McDonald v. Onoh,* 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989) (citing *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987); *Richmond v. Richmond,* 690 S.W.2d 534, 536 (Tenn. Ct. App. 1985); *In re Rockwell,* 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983)).

[4] Both parties have attached various documents to their briefs. None of the documents were introduced as exhibits at trial and there is no transcript or statement of the evidence to show that they were presented at trial. Inasmuch as they were not included in the record on appeal, we have not considered those matters in our resolution of this appeal. *See* Tenn. R. App. P. 24(a).

253 S.W.3d at 146-47 (citations omitted).

The trial court held that Plaintiff failed to establish that the Defendant owned the property where Plaintiff fell or that she built the deck; we accord this holding the presumption of evidentiary support as set forth in *McDonald v. Onoh,* 772 S.W.2d at 914. In the absence of such proof, no liability arose, and we affirm the trial court's judgment.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in all respects.

_____
RICHARD H. DINKINS, JUDGE