SANDERS v. BROOKS et al.

No. 21914.

Kansas City Court of Appeals.

Missouri.

March 1, 1954.

Frank F. Catron, Lexington, for appellant.

Blackwell & Sherman, Horace F. Blackwell and D. W. Sherman, Lexington, for respondents.

CAVE, Presiding Judge.

This is a replevin suit which originated in the justice of the peace court on January 8, 1943, and involved the right to possession of four hogs and the claim of defendants for an agister's lien because of feeding the hogs. The case was tried in the justice court, resulting in a verdict for defendants. An appeal was taken to the circuit court where it was twice tried resulting in verdicts and judgments for the defendants, and has twice been appealed to this court. For a detailed statement of the facts and issues, see Sanders v. Brooks, 239 Mo.App. 578, 194 S.W.2d 540, and Sanders v. Brooks, Mo. App., 249 S.W.2d 178.

The present appeal is from a judgment assessing costs. After this court affirmed the judgment in favor of the defendants (249 S.W.2d 178), the plaintiff filed a motion in the trial court to tax and to retax certain costs which had accrued during the long litigation. The court sustained the motion in part and overruled it in part. Plaintiff filed a motion to set aside that order and alleged that the court erred in three particulars. We will consider those assignments, and refer to such evidence as we deem necessary.

The trial court found that the total costs in this protracted litigation amounted to $336.05, and assessed $112.60 against the defendants and the balance against the plaintiff.

It is plaintiff's first contention that all of the costs should be assessed against the defendants because he ultimately recovered in his replevin suit the sum of $21.62. This item arose under the following circumstances: Shortly after the judgment against plaintiff in the justice of the peace court and an appeal taken to the circuit court, one of the defendants, Clellia Brooks, sued plaintiff in another justice court for rent alleged to be due her, and on April 25, 1943, obtained a judgment for $60 and costs. Execution was issued and the constable levied on "two of the hogs" involved in the replevin suit and sold them on July 31, 1943, for $118, and after satisfying the judgment and costs there remained a balance in his hands of $21.62, which he tendered to the plaintiff and his attorney, but they refused to accept the money, and the fund was deposited with the clerk of the circuit court. After this litigation was finally concluded by our opinion reported in 249 S.W.2d 178, the plaintiff filed a motion in the circuit court requesting that the clerk be ordered to pay the item of $21.62

to plaintiff, and alleged that "the defendants have actually received a credit for the value of the two hogs in the amount of $118.00, of which the aforesaid sum of $21.62 was a part". On this theory, the court ordered the clerk to pay that item to the plaintiff. Under such circumstances, the court could not order all the costs of this litigation assessed against the defendants for two reasons: (a) The amount was tendered to plaintiff in 1943 and the tender refused before there was a trial in the circuit court. Certainly all subsequent costs should not be assessed against the defendants; and (b) furthermore, plaintiff alleged that he was entitled to that item because the defendants had already received credit for it in the litigation disposing of the value of the four hogs and defendants' claim of an agister's lien. If that be true, the plaintiff did not recover the item of $21.62 on the merits of the case, but because the defendants had already received credit for that amount and were not entitled to it a second time.

▮ Plaintiff's second contention is that the court erred in not assessing all costs incurred prior to the time defendants filed an "amended answer" in the circuit court. This assignment is based on the theory that the "amended answer" substantially changed the issues after trial in the justice court and the appeal to the circuit court, in that the amended answer alleged that subsequent to the trial in the justice court one of the defendants had secured a judgment for rent, as above referred to, and had sold two of the hogs to satisfy said judgment and they were no longer possessed by the defendants. The transcript in the present appeal does not show any of these matters and the motion is not verified and therefore does not prove itself. However, we have consulted the transcript of the original appeal to this court, being case No. 20681, and find that after plaintiff appealed to the circuit court, he requested leave to file an amended petition. Leave was granted by the court and the amendments made, whereupon defendants filed, by leave of court, their amended answer, to which plaintiff made no objection, but on the contrary filed a long and

involved reply, and the case proceeded to trial on the issues made by the amended petition, amended answer and the reply. As stated above, the case was thereafter twice tried in the circuit court and twice appealed to this court. 194 S.W.2d 540; 249 S.W.2d 178. We believe it was within the discretion of the trial court to determine whether the costs incurred prior to the filing of the "amended answer" under the above circumstances should have been assessed against the defendants.

▮ The third contention is that the court erred in not assessing against the defendants the costs of one justice of the peace for transferring the cause on a change of venue to another justice. Plaintiff cites Section 517.560, RSMo 1949, V.A.M.S., in support of this contention. That section provides that when a change of venue is taken by a defendant, he shall be taxed "with the costs which have accrued for witnesses and service thereof, and witness fees * * * and the costs of the magistrate for transferring the cause to the other magistrate * * *." There were no witness fees or costs for service on witnesses in the first magistrate court. The only item which could possibly be involved is "the costs of the magistrate for transferring the cause to the other magistrate". The transcript prepared by the first magistrate (justice) on the application for change of venue merely lists "justice's fees ...............$3.25". In his brief the plaintiff states, "The justice court record as shown in the transcript is quite confusing as to how the costs therein were made and for what specific charges", and assumes that is the reason the trial court refused to retax any of the costs incurred in either justice court. Plaintiff then proceeds to analyze the statutory costs allowed a magistrate for performing certain duties, and concludes that the trial court should have assessed the sum of $6.05 as the costs incurred in the first magistrate court against the defendants. We agree with plaintiff that the magistrate's transcript is confusing and, in our opinion, is so incomplete that the trial court would not be justified in guessing at the proper items of costs,

if any, to be assessed against the defendants. Under Sec. 517.560, supra, the only item which could be charged against the defendants, under the record in this case, would be the costs for transferring the cause. We can see no basis for the assertion that the court should have allowed $6.05, and we decline to speculate on what costs the justice might have properly assessed against defendants at the time the change of venue was taken, but which he did not do.

Finding no reversible error, the judgment is affirmed.

All concur.